[Cite as *State v. Johnson*, 2012-Ohio-2508.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97579**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTHONY JOHNSON

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-553734

**BEFORE:** Boyle, J., Stewart, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** June 7, 2012

**ATTORNEY FOR APPELLANT**

David K. Greer
1150 Morse Road
Suite 230
Columbus, Ohio   43229-6327


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Mary McGrath
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1}   Defendant-appellant, Anthony Johnson, appeals his sentence, raising the following two assignments of error:

"I.   The trial court erred in sentencing appellant to consecutive prison terms, without making the findings required by R.C. 2929.14(C)(4).

"II.   The trial court erred in imposing a maximum prison sentence on the attempted assault count."

{¶2}   We find Johnson's arguments unpersuasive and affirm.

Procedural History and Facts

{¶3}   In August 2011, Johnson was indicted on three counts: (1) assault on a peace officer, in violation of R.C. 2903.13(A); (2) harassment by inmate, in violation of R.C. 2921.38(B); and (3) resisting arrest, in violation of R.C. 2921.33(A).   The allegations giving rise to the indictment were that Johnson, who was severely intoxicated at the time, attempted to kick Detective Gerald Sowul when Detective Sowul placed him under arrest for disorderly conduct.   Then, while being booked on charges, Johnson later spit at Lieutenant Thomas Dillon.   Johnson ultimately pleaded guilty to the lesser offense of attempted assault on Count 1 and to the charge of harassment by inmate as charged in Count 2.   The remaining count of the indictment was nolled.

{¶4}   Following Johnson's guilty plea, the trial court immediately proceeded to sentencing.   After detailing Johnson's extensive criminal history, i.e., 15 juvenile court cases, an assault on a peace officer, four drug trafficking cases, one robbery case, a

carrying a concealed weapon and having a weapon while under disability case, and an assault on an EMS worker — the trial court found that "society is better off with [Johnson] in jail than out of jail." The trial court sentenced Johnson to 12 months on the attempted assault on a peace officer count and 11 months on the harassment by inmate count, each to run consecutive, for a total of 23 months in prison.

{¶5} From this order, Johnson now appeals.

<u>Standard of Review</u>

{¶6} An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Hites*, 3d Dist. No. 6-11-07, 2012-Ohio-1892, ¶ 7. Specifically, R.C. 2953.08(G)(2) provides the following regarding an appellate court's review of a sentence on appeal:

> The court hearing an appeal * * * shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶7} Additionally, a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing: (1) "to protect the public from future

crime by the offender and others," and (2) "to punish the offender using the minimum sanctions that the court determines accomplish those purposes." R.C. 2929.11(A). The sentence imposed shall also be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

## Consecutive Sentences

{¶8} In his first assignment of error, Johnson argues that the trial court failed to make the necessary findings required under R.C. 2929.14(C) for the imposition of consecutive sentences. We disagree.

{¶9} The General Assembly, through the enactment of H.B. 86, recently amended Ohio's sentencing statutes. Because H.B. 86 took effect on September 30, 2011, and Johnson was sentenced on October 17, 2011, the trial court was required to sentence Johnson under the new provisions. Pertinent to this appeal, the revisions under H.B. 86 now require a trial court to make specific findings when imposing consecutive sentences. Specifically, R.C. 2929.14(C)(4) provides as follows:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} Johnson argues that the trial court failed to make all three of the required findings and failed to correlate the findings to the specific facts of this case. He contends that the trial court focused solely on his criminal history and that this single factor does not allow the imposition of consecutive sentences. He further contends that the trial judge misquoted the statute, confusing the disproportionate standard as contained in R.C. 2929.11, i.e., "are not disproportionate to other sentences," with the required finding of "are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."

{¶11} The trial court's specific findings prior to imposing consecutive sentences are as follows:

Mr. Johnson, it's clear that society is better off with you in jail than out of jail despite its costs. This is your third case where you either assaulted a peace officer or EMS worker. When you are free, you seem to spend your time trafficking in drugs. Most of your juvenile court cases are theft cases.

Let's see. We have a new sentencing statute that indicates that there is a presumption of concurrent terms; the Court must find that the offender's — that the consecutive sentences are necessary to punish the offender and protect the public and are not disproportionate to other sentences and must

find also that the offender's criminal history shows that consecutive terms are needed to protect the public.

I also find this offense occurred while on probation to municipal court.

So, the facts are that you assaulted a police officer and then spit on another one. This is again in line with a long history of doing this. You did it to an EMS worker and you did it to another police officer in the past.

And it's clear that you are at great risk to reoffend. Once free it doesn't take you long to find trouble. So, it is necessary to protect the public against future crimes to impose consecutive sentences.

{¶12} Contrary to Johnson's assertion, we find that the trial court complied with the dictates of the newly amended R.C. 2929.14(C)(4) and made all the required findings to support the imposition of consecutive sentences. While we acknowledge that the trial judge mis-spoke in his exact language in discussing the disproportionate standard, we nonetheless find that the trial judge found that the imposition of consecutive sentences would not be disproportionate to the seriousness of Johnson's conduct and to the danger that he poses to the public. It is obvious by the trial judge's reference to the amended statute and supporting statements, i.e., Johnson's specific conduct in this case and Johnson's repeated engagement in criminal activity, that the trial court found that consecutive sentences were not disproportionate to Johnson's conduct and the threat he poses. Indeed, the trial judge emphasized more than once that this is Johnson's third case involving disrespect and violence toward a peace officer.

{¶13} We further disagree that the trial judge only focused on Johnson's past criminal history in imposing consecutive sentences. As discussed above, the trial judge

discussed the specific facts of the underlying case in support of its imposition of consecutive sentences. But nonetheless Johnson's criminal history was a significant factor supporting the trial court's findings, especially given that consecutive sentences are necessary to protect the public from future crime by Johnson.

{¶14} Accordingly, we overrule the first assignment of error.

## Maximum Sentences

{¶15} In his second assignment of error, Johnson argues that the trial court erred in imposing a maximum sentence on Count 1 because "none of the statutory aggravating factors apply to justify a maximum sentence" under R.C. 2929.12(B). But the factors listed under R.C. 2929.12(B) are not exhaustive. Nor is the trial court prohibited from imposing a maximum sentence if it does not find that one of the specific factors listed under R.C. 2929.12(B) apply. Indeed, the statute specifically states that the trial court shall consider "any other relevant factors."

{¶16} Further, Johnson's argument ignores the other provisions under R.C. 2929.12, namely, subsections (D) and (E) relating to the offender's likelihood of recidivism, that the trial court must also consider in order to achieve the overriding purposes of protecting the public from future crime and punishing the offender. Those factors, i.e., that Johnson was on probation at the time of his offense, his extensive criminal history and failure to respond favorably to past sanctions, and his repeated pattern of the same activity giving rise to the underlying offense, supported the trial court's decision to impose the maximum term of one year on Count 1.

**{¶17}** The second assignment of error is overruled.

**{¶18}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, JUDGE

MELODY J. STEWART, P.J., and
KENNETH A. ROCCO, J., CONCUR