[Cite as *State v. Goins*, 2013-Ohio-263.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   98256

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ROBERT W. GOINS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-555952

**BEFORE:**   Boyle, P.J., Celebrezze, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**    January 31, 2013

**ATTORNEY FOR APPELLANT**

Matthew C. Bangerter
1360 West 9th Street
Suite 200
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Mahmoud Awadallah
         T. Allan Regas
Assistant County Prosecutors
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1} Defendant-appellant, Robert Goins, appeals his sentence. He raises two assignments of error for our review:

> [1.] The trial court erred by sentencing the defendant-appellant to a term of imprisonment contrary to statute and where its findings were not supported by the record.

> [2.] The trial court erred when it imposed a prison term where its findings under R.C. 2929.12 were not supported by the record and where it failed to give careful and substantial deliberation to the relevant statutory considerations.

{¶2} Finding no merit to his appeal, we affirm.

Procedural History

{¶3} In late 2011, Goins was indicted on several counts of rape with sexually violent predator specifications and several counts of kidnapping with sexual motivation and sexually violent predator specifications. The charges arose out of allegations that Goins had sexual intercourse by force with his daughter when she was 14 years old and again when she was 17 years old. He pleaded not guilty to all charges.

{¶4} In February 2012, Goins withdrew his former plea and pleaded guilty to two counts of rape with the sexually violent predator specifications deleted. All other charges were nolled.

{¶5} The trial court sentenced Goins to six years for the first count of rape and eight years for the second count of rape, and ordered that they be served consecutive to

one another, for an aggregate sentence of 14 years in prison. The trial court further notified Goins that he was subject to a mandatory term of five years of postrelease control upon his release from prison and that he was labeled as a Tier III sex offender. It is from this judgment that Goins appeals.

## Standard of Review

{¶6} An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Johnson*, 8th Dist. No. 97579, 2012-Ohio-2508, ¶ 6, citing *State v. Hites*, 3d Dist. No. 6-11-07, 2012-Ohio-1892, ¶ 7. Specifically, R.C. 2953.08(G)(2) provides that our review of consecutive sentences is not an abuse of discretion. An appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court." *Id.* If an appellate court clearly and convincingly finds either that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]" or (2) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." *Id.*

## Consecutive Sentences

{¶7} In his first assignment of error, Goins maintains that the trial court failed to consider R.C. 2929.14(C)(4) as enacted by H.B. 86 when sentencing him to consecutive sentences.

**{¶8}** Goins first contends that the trial court incorrectly and explicitly stated that H.B. 86 did not apply to Goins even though he was sentenced after the effective date of the statute. Goins's argument is misplaced. The trial court was aware that H.B. 86 applied, and correctly noted that because Goins committed the offenses before the statute went into effect, Goins was entitled to *the benefit* of the lower sentencing ranges under the old statute (because H.B. 86 increased the sentencing range for first degree felonies to a maximum of 11 years). Thus, we must determine if the trial court correctly applied H.B. 86 when sentencing Goins to consecutive sentences.

**{¶9}** R.C. 2929.14(C)(4), as revived, now requires that a trial court engage in a three-step analysis in order to impose consecutive sentences. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." *Id.* Next, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Finally, the trial court must find that at least one of the following applies: (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense; (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that

consecutive sentences are necessary to protect the public from future crime by the offender. *Id.*

{¶10} In each step of this analysis, the statutory language directs that the trial court must "find" the relevant sentencing factors before imposing consecutive sentences. R.C. 2929.14(C)(4). In making these findings, a trial court is not required to use "talismanic words to comply with the guidelines and factors for sentencing." *State v. Brewer*, 1st Dist. No. C-000148, 2000 Ohio App. LEXIS 5455, *10 (Nov. 24, 2000). But it must be clear from the record that the trial court actually made the findings required by statute. *See State v. Pierson*, 1st Dist. No. C-970935, 1998 Ohio App. LEXIS 3812 (Aug. 21, 1998). A trial court satisfies this statutory requirement when the record reflects that the court has engaged in the required analysis and has selected the appropriate statutory criteria. *See State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999).

{¶11} Notably, however, the General Assembly deleted R.C. 2929.19(B)(2)(c) in H.B. 86. This was the provision in S.B. 2 that had required sentencing courts to state their *reasons* for imposing consecutive sentences on the record. Accordingly, a trial court is not required to articulate and justify its findings at the sentencing hearing. A trial court is free to do so, of course. But where, as here, there is no statutory requirement that the trial court articulate its reasons, it does not commit reversible error if it fails to do so, as long as it has made the required findings.

{¶12} Goins's counsel spoke to the court on his behalf, informing the court that Goins had no prior felony or misdemeanor record. Goins's counsel further explained to

the court that Goins had expressed remorse, stating in his presentence investigation report ("PSI") that he felt "bad" and "hurt" and "like he let his daughter down." Goins's counsel also referred to the court's psychiatric clinic report, where it explained that Goins was "sexually molested by his uncle repeatedly at the age of six." The court psychiatric clinic report further indicated that Goins had a psychotic disorder, was an alcoholic, and suffered from post-traumatic stress disorder. The report further indicated that at the time of the incident, Goins said that he had taken "a couple Percocets and drank some beer." Also according to the report, when the incident occurred, Goins believed that his daughter was his wife. Goins's counsel further informed the court that the STATIC-99 test showed "a low risk of reoffending," despite the fact that there was more than one incident, and also indicated that Goins was not a pedophile.

{¶13} Goins spoke to the court after his counsel. He apologized to his daughter. Goins's sister spoke on his behalf, as well as Goins's daughter, the victim. Goins's daughter explained that she was pregnant with her father's child, but said that she had forgiven her father and she did not want him to go to jail.

{¶14} The prosecutor informed the court that although Goins had a lot of support from his family, there were "two rapes." The prosecutor stated that when the victim was 14 years old, Goins "brutally raped her over a pool table." The victim wrote what happened in a letter. Her mother found the letter and did not believe her. When Goins found out about the letter, he "chase[d] her around the * * * basement with a hammer," threatening her. The second incident occurred when Goins took the victim to his

brother's house and told her that she had two choices, be whipped or be "raped." After Goins found out that his daughter was pregnant, he told his wife and the police that he had saved his sperm in a cup in his garage and his daughter must have "inseminated herself with [his] sperm." The prosecutor further explained that Goins and his daughter have sickle cell anemia, and thus, the baby has a much higher chance of having it as well.

{¶15} At the sentencing hearing, the trial court indicated that it considered the PSI, the court psychiatric clinic report, and letters from Goins's family. The court further indicated that it considered the purposes and principles of sentencing under R.C. 2929.11 and also the seriousness and recidivism factors under R.C. 2929.12.

{¶16} The trial court stated that although Goins did not have a prior criminal record, it found "the seriousness" of the crime relevant, as well as "the events giving rise to the crime itself." The trial court stated that it found sexual abuse of a family member to be the "highest level" of abuse. The trial court indicated that although Goins's family had forgiven him, they do not "control [the] disposition of sentencing." The trial court stated that it also had to consider "the interest of society," and protect the public as well as the victim. Although the court said that it considered Goins's mental health factors, it stated that it had to also consider the fact that Goins threatened his daughter as well. The trial court found that "a prison sentence is necessary in order to protect the public and not demean the seriousness of the offense."

{¶17} The court further found that the first incident was "not the most serious form of the offense, but certainly [was] high up there." On that count, the court sentenced Goins to six years in prison. On the later incident, the court sentenced Goins to eight years in prison. The court stated, "because these are two separate rapes, bridged by a gap in time, the court is going to impose those sentences consecutively, for a period of 14 years total incarceration."

{¶18} After reviewing the transcript in its entirety, we conclude that the trial court held a lengthy hearing, after which it made thoughtful and extensive findings. It discussed the seriousness of Goins's crimes and the need to protect the public and punish Goins. The trial court further considered the emotional and physical harm to the victim, Goins's young daughter, as well as the emotional harm and high risk of sickle cell anemia to the unborn child. The trial court also found sexual abuse by a family member to be one of the highest forms of abuse and considered the brutality of Goins's actions during both incidents as well. Finally, the trial court further found that Goins's actions consisted of two separate rapes, bridged by a gap in time. Thus, we find that the trial court fully met the statutory requirements of R.C. 2929.14(C)(4) to impose consecutive sentences.

{¶19} Goins's first assignment of error is overruled.

### R.C. 2929.12

{¶20} In his second assignment of error, Goins maintains that the trial court failed to give substantial consideration to the factors under R.C. 2929.12, especially mitigating

factors in his case, such as the fact that his daughter forgave him, he suffered from mental health and alcohol dependency issues, he was a past victim of sexual abuse, his mental state at the time of the incident was affected by Percocet and alcohol, his close bonds with his family that would aid in his rehabilitation, and the fact that he was rated at a low risk to reoffend. We disagree.

{¶21} R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses. While the trial court is required to consider the R.C. 2929.12 factors, "the court is not required to 'use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors (of R.C. 2929.12).'" *State v. Webb*, 11th Dist. No. 2003-L-078, 2004-Ohio-4198, ¶ 10, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

{¶22} After a thorough review of the sentencing hearing, which we recounted the majority of in the previous assignment of error, it is clear that the trial court properly considered each of the factors that Goins claims the trial court failed to consider.

{¶23} Goins's second assignment of error is overruled.

{¶24} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

SEAN C. GALLAGHER, J., CONCURS;
FRANK D. CELEBREZZE, JR., J., CONCURS IN JUDGMENT ONLY