[Cite as *State v. Battle*, 2013-Ohio-816.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98294

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MARTIZE BATTLE

DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED IN PART; REVERSED IN PART, AND REMANDED FOR RESENTENCING

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-558439 and CR-559435

**BEFORE:** Celebrezze, P.J., Kilbane, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** March 7, 2013

**ATTORNEY FOR APPELLANT**

Joseph Vincent Pagano
P.O. Box 16869
Rocky River, Ohio   44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Brian D. Kraft
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant, Martize Battle, seeks reversal of a six-year prison sentence for several burglary convictions, the imposition of restitution to a victim in the amount of $1,039.55, and the imposition of court costs when costs were not imposed at sentencing. Appellant argues his sentence is contrary to law and an abuse of discretion under current sentencing guidelines. He also argues the amount of restitution was unsupported by sufficient evidence of loss. After a thorough review of the record and law, we affirm in part, reverse in part, and remand for resentencing.

## I. Factual and Procedural History

{¶2} Appellant was an 18-year-old high school student when he engaged in a series of thefts and burglaries. He was arrested, and two separate cases arose from his actions. In Cuyahoga C.P. No. CR-559435, appellant was charged with burglary, theft, petty theft, and criminal damaging as a result of his actions on December 31, 2011. In Cuyahoga C.P. No. CR-558439, after being bound over from municipal court, appellant was charged with five counts of burglary, one count of theft, six counts of criminal damaging, and two counts of petty theft. These charges stem from criminal activity that occurred from December 22, 2011 to January 10, 2012.

{¶3} Appellant initially pled not guilty, but ultimately decided to change his plea to guilty to amended indictments in both cases. On February 27, 2012, appellant pled guilty in CR-558439 to two second-degree-felony counts of burglary (R.C. 2911.12(A)(2)); one second-degree-felony count of burglary (R.C. 2911.12(A)(1)); and three second-degree-misdemeanor counts of criminal damaging (R.C. 2909.06(A)(1)).

In CR-559435, appellant pled guilty to one second-degree-felony count of burglary (R.C. 2911.12(A)(1)). The remaining counts in both cases were dismissed.

{¶4} After the court obtained a presentence investigation report, appellant was sentenced on March 26, 2012. In CR-558439, appellant received an aggregate prison sentence of six years: three three-year prison terms for burglary and three 90-day county jail terms for criminal damaging, to be served concurrently to each other, but consecutively to the three-year prison term imposed in CR-559435. The court also ordered appellant to pay restitution in CR-558439 to one of his victims in the amount of $1,039.55 for damage to a steel entry door. The court properly informed appellant of postrelease control, but failed to impose court costs at the sentencing hearing. However, costs were imposed in the sentencing journal entry.

{¶5} Appellant appeals his sentence, assigning three errors:

I.   The six year prison sentence imposed on appellant was contrary to law and an abuse of discretion.

II.   The trial court erred by ordering appellant to pay restitution.

III.   The trial court erred by ordering appellant to pay costs.

II.   Law and Analysis

A. Consecutive Sentences

{¶6} In appellant's first assignment of error, he argues Ohio's recent sentencing reforms enacted in H.B. 86 were not complied with when the trial court imposed consecutive sentences.

An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Johnson*, 8th Dist. No. 97579, 2012-Ohio-2508, ¶ 6, citing *State v. Hites*, 3d Dist. No. 6-11-07,

2012-Ohio-1892, ¶ 7. Specifically, R.C. 2953.08(G)(2) provides that our review of consecutive sentences is not an abuse of discretion. An appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court." *Id.* If an appellate court clearly and convincingly finds either that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]" or (2) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." *Id.*

*State v. Lebron*, 8th Dist. No. 97773, 2012-Ohio-4156, ¶ 5.

**{¶7}** Appellant argues that statutory findings were not made that are required before a court may impose consecutive sentences. According to R.C. 2929.14(C)(4),

[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive *service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public*, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. (Emphasis added.)

According to this statute, a sentencing court must analyze whether consecutive sentences are necessary to protect the public, punish the offender, are not disproportionate, and

make one additional finding. "A trial court satisfies this statutory requirement when the record reflects that the court has engaged in the required analysis and has selected the appropriate statutory criteria." *State v. Goins,* 8th Dist. No. 98256, 2013-Ohio-263, ¶ 10, citing *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999).

**{¶8}** Here, the court found that appellant "had seven different burglaries * * * that went on over a period of several months," which included entering into homes while occupants were present. The court also made note of appellant's juvenile record. However, the court did not address any other findings required under R.C. 2929.14(C)(4). Appellant makes much of his lack of an adult criminal record, but he was 18 years old. The trial court indicated appellant had serious juvenile adjudications. Appellant's prior juvenile criminal history qualifies as an appropriate finding under R.C. 2929.14(C)(4)(c). Further, appellant's course of criminal conduct, spanning several weeks and seven different home invasions, can constitute an appropriate finding under R.C. 2929.14(C)(4)(b). However, the court did not address any other findings. Nor is there evidence in the record demonstrating a reasoned consideration of these factors.

**{¶9}** The lack of evidence in the record on the findings required by R.C. 2929.14(C)(4) differentiate this case from *Goins*. There, this court recently upheld the imposition of consecutive sentences where the record offered evidence that the trial court fully engaged in an analysis of R.C. 2929.14(C)(4), even though specific findings were not stated on the record.

**{¶10}** The same cannot be said here. Other than the two findings above, the only evidence that the trial court considered R.C. 2929.14(C)(4) was a statement that it

considered "all of the factors relevant to sentencing * * *."   This is not sufficient to demonstrate that "the court has engaged in the required analysis and has selected the appropriate statutory criteria."   *Goins* at ¶ 10.

{¶11} While it is true that the trial court could have imposed a six-year term on any one of the burglary counts without making these findings, the court chose to impose consecutive sentences and was therefore required to engage in an analysis of the factors found in R.C. 2929.14(C)(4).   Accordingly, this case must be remanded in order for the trial court to make the appropriate findings or impose concurrent sentences.

### B.   Restitution

{¶12} Appellant next argues that the trial court erred when it imposed restitution in the amount of $1,039.55 because that amount was not supported by sufficient evidence in the record.

{¶13} This court normally reviews an order of restitution for an abuse of the trial court's discretion.   *State v. Pollard*, 8th Dist. No. 97166, 2012-Ohio-1196, ¶ 7, citing *State v. Marbury*, 104 Ohio App.3d 179, 661 N.E.2d 271 (8th Dist.1995).   However, just as in *Pollard*, appellant failed to object or contest the amount of restitution ordered at sentencing.   This means he has waived all but plain error.   To constitute plain error, the error must be obvious on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection.   *See State v. Tichon*, 102 Ohio App.3d 758, 767, 658 N.E.2d 16 (9th Dist.1995).   Moreover, plain error does not exist unless the appellant establishes that the outcome of the trial clearly would have been different but for the trial court's allegedly improper actions.   *State v. Waddell*, 75 Ohio St.3d 163,

166, 1996-Ohio-100, 661 N.E.2d 1043. Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *State v. Phillips*, 74 Ohio St.3d 72, 83, 1995-Ohio-171, 656 N.E.2d 643.

{¶14} R.C. 2929.18(A)(1) provides for

> [r]estitution by the offender to the victim of the offender's crime in * * * an amount based on the victim's economic loss. * * * If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. * * *.

{¶15} At the sentencing hearing, the state indicated it possessed evidence of the victim's economic loss that totaled $1,039.55. Appellant did not object or otherwise dispute this evidence. The undisputed amount of the victim's economic loss was imposed. Therefore, the trial court did not commit plain error in its restitution order. Appellant's second assignment of error is overruled.

## C. Court Costs

{¶16} Appellant finally argues that the trial court erred when it did not impose costs at the sentencing hearing, but ordered him to pay court costs in the journal entry. The state concedes this error. According to the Ohio Supreme Court, the appropriate remedy is to remand the case in order to give appellant the opportunity to seek a waiver of court costs. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 23. Therefore, appellant's third assignment of error is sustained.

III.   Conclusion

**{¶17}** The trial court failed to adequately address R.C. 2929.14(C) when it imposed consecutive sentences.   That error can be remedied on remand by either making the required findings or imposing concurrent sentences.   The court also erred when it did not impose costs in open court as part of the sentence, as is required.   However, the court did not err in ordering restitution where the amount was indicated by the victim at the sentencing hearing and appellant did not object.

**{¶18}** Judgment affirmed in part, reversed in part, and remanded to the lower court for resentencing consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
PATRICIA A. BLACKMON, J., CONCUR