[Cite as *State v. Grier*, 2013-Ohio-1661.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98637**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CEDRIC GRIER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-552275

**BEFORE:**   Blackmon, J., Boyle, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**   April 25, 2013

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street, Second Floor
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Maxwell M. Martin
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Cedric Grier appeals his sentence and assigns the following error for our review:

**I. The trial court acted contrary to law when it imposed consecutive sentences without authority to do so under the Ohio Revised Code.**

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's sentencing decision. The apposite facts follow.

{¶3} On July 20, 2011, the Cuyahoga County Grand Jury indicted Grier on one count of attempted murder, three counts of felonious assault, and four counts of aggravated burglary, all with one and three-year firearm specifications attached. The grand jury also indicted Grier on one count of having weapons under a disability. Grier was on probation for four separate cases at the time he was indicted. On July 22, 2011, Grier pleaded not guilty at his arraignment. Thereafter, numerous pretrials followed.

{¶4} On May 12, 2012, pursuant to a plea agreement with the state, Grier pleaded guilty to amended charges of misdemeanor assault and a fourth-degree burglary. In exchange, the state dismissed the remaining charges along with the attached firearm specifications. The state recommended a sentence of time served for Grier, who had been in jail for approximately 307 days by the time he pleaded guilty to the amended charges.

{¶5} On June 8, 2012, the trial court imposed concurrent sentences of six and 18 months for assault and burglary, respectively. Further, the trial court imposed a total of

28 months on the four separate cases for which Grier was on probation at the time the instant charges occurred. Finally, the trial court ordered the combined sentences in the separate cases to be served consecutively to the most recent case for a total prison term of 46 months.

### Consecutive Sentences

{¶6} In the sole assigned error, Grier argues the trial court's imposition of a consecutive sentence was contrary to law.

{¶7} Preliminarily, we note, an appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Johnson*, 8th Dist. No. 97579, 2012-Ohio-2508, ¶ 6, citing *State v. Hites*, 3d Dist. No. 6-11-07, 2012-Ohio-1892, ¶ 7. Specifically, R.C. 2953.08(G)(2) provides that our review of consecutive sentences is not an abuse of discretion standard. *State v. Goins*, 8th Dist. No. 98256, 2013-Ohio-263.

{¶8} An appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court." *Id*. If an appellate court clearly and convincingly finds either that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]" or (2) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." *Id*.

{¶9} Additionally, a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing: (1) "to protect the public

from future crime by the offender and others," and (2) "to punish the offender using the minimum sanctions that the court determines accomplish those purposes." R.C. 2929.11(A). The sentence imposed shall also be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶10} The General Assembly, through the enactment of H.B. 86, recently amended Ohio's sentencing statutes. Pertinent to this appeal, the revisions under H.B. 86 now require a trial court to make specific findings when imposing consecutive sentences. Specifically, R.C. 2929.14(C)(4) provides as follows:

> **(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**
>
> **(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**
>
> **(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

**(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

{¶11}  According to this statute, a sentencing court must analyze whether consecutive sentences are necessary to protect the public, punish the offender, are not disproportionate, and make one additional finding. "A trial court satisfies this statutory requirement when the record reflects that the court has engaged in the required analysis and has selected the appropriate statutory criteria." *State v. Battle*, 8th Dist. No. 98294, 2013-Ohio-816, citing *Goins*, *supra*.

{¶12} In making these findings, a trial court is not required to use "talismanic words to comply with the guidelines and factors for sentencing." *State v. Brewer*, 1st Dist. No. C-000148, 2000 Ohio App. LEXIS 5455 (Nov. 24, 2000).  But it must be clear from the record that the trial court actually made the findings required by statute.  *See State v. Pierson*, 1st Dist. No. C-970935, 1998 Ohio App. LEXIS 3812 (Aug. 21, 1998).  A trial court satisfies this statutory requirement when the record reflects that the court has engaged in the required analysis and has selected the appropriate statutory criteria.  *See State v. Edmonson*, 86 Ohio St.3d 324, 326, 1999-Ohio-110, 715 N.E.2d 131.

{¶13}  In the instant case, in imposing the consecutive sentence, the trial court specifically stated:

> **Now, I've imposed consecutive time. * * * However, the reason why I'm doing this is because I think that the harm is so great or unusual that a single term will not adequately reflect the seriousness of the crime, the seriousness of defendant's conduct and/or criminal history.**

**Therefore, a consecutive term is needed to protect the public. The defendant has been given opportunities time and again by this court to correct his ways. He has an extensive criminal record and an extensive juvenile criminal record. He started receiving cases from this court almost from the time he's turned 21.**

**The court has tried repeatedly to get him to see the error of his ways; however, that has fallen on deaf ears time and again. In March 2011, the court indicated that it would not, you know tolerate any further violations of any of the community control. But, again, the defendant went out and in case number 525272 [sic] was involved in another serious offense.** Tr. 107.

{¶14} A review of the above excerpt and the sentencing transcript as a whole indicates that the trial court made thoughtful and extensive findings before imposing the consecutive sentence. The trial court discussed the need to protect the public and punish Grier. The trial court also addressed proportionality when it found that the harm was so great or unusual that a single term would not adequately reflect the seriousness of the crime.

{¶15} Finally, the trial court indicated that Grier was on probation for four separate cases when he committed the instant crimes. The trial court discussed its repeated attempts to get Grier to see the errors of his ways, but lamented that it had fallen on deaf ears. Based on the foregoing, we conclude the trial court fully met the statutory requirements to impose consecutive sentences. Accordingly, we overrule the sole assigned error.

{¶16} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
EILEEN T. GALLAGHER, J., CONCUR