[Cite as *State v. Jones*, 2013-Ohio-3003.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99230

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## THOMAS JONES

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-561910

**BEFORE:** E.T. Gallagher, J., Rocco, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** July 11, 2013

**ATTORNEY FOR APPELLANT**

Edward F. Borkowski, Jr.
323 West Lakeside Avenue
Suite 420
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    James Hofelich
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

**{¶1}** This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

**{¶2}** Defendant-appellant Thomas Jones ("Jones") appeals his consecutive sentence. We find no merit to the appeal and affirm.

**{¶3}** Jones was charged in two cases with multiple drug offenses. In CR-561910, Jones pleaded guilty to one count of drug trafficking in violation of R.C. 2925.03(A)(1), a fifth-degree felony. In CR-561222, Jones pleaded guilty to one count of trafficking in violation of R.C. 2925.03, a fourth-degree felony. All other charges were nolled. The court sentenced Jones to a nine-month prison term in CR-561910 and a 15-month prison term in CR-561222. The court ordered the sentences to run consecutively for an aggregate 24-month prison term. Jones now appeals, raising two assignments of error.

**{¶4}** In the first assignment of error, Jones argues the trial court erred by imposing consecutive sentences without making the findings required by R.C. 2929.14(C)(4). In his second assignment of error, Jones argues that consecutive sentences are excessive and disproportionate to the seriousness of the offenses. We discuss these assigned errors together because they are closely related.

**{¶5}** R.C. 2953.08(G)(2), as amended by Am.Sub.H.B. No. 86, states that when reviewing prison sentences, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Instead, the statute states that if we "clearly and convincingly" find that (1) "the record does not support the sentencing court's findings

under [R.C. 2929.14(C)(4)]" or (2) that "the sentence is otherwise contrary to law," then we "may increase, reduce, or otherwise modify a sentence * * * or [we] may vacate the sentence and remand the matter to the sentencing court for re-sentencing." *State v. Goins*, 8th Dist. No. 98256, 2013-Ohio-263, ¶ 6, quoting R.C. 2953.08(G)(2).

**{¶6}** R.C. 2929.14(C)(4) requires that a trial court engage in a three-step analysis in order to impose consecutive sentences. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." *Id*. Second, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id*. Finally, the trial court must find that at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

**{¶7}** Although a trial court is not required to use "talismanic words" when making these findings, it must be clear from the record that the trial court actually made the

required statutory findings. *Goins* at ¶ 10. The requirements are satisfied "when the record reflects that the court has engaged in the required analysis and has selected the appropriate statutory criteria." *Id.*, citing *State v. Edmonson*, 86 Ohio St.3d 324, 326, 1999-Ohio-110, 715 N.E.2d 131.

{¶8} Further, with the passage of H.B 86, the General Assembly deleted R.C. 2929.19(B)(2)(c), which was the provision in S.B. 2 that had required sentencing courts to state their reasons for imposing consecutive sentences on the record. *Goins* at ¶ 11. Therefore, a trial court is not required to articulate and justify its findings on the record at the sentencing hearing. Because there is no statutory requirement that the trial court articulate its reasons, it does not commit reversible error if it fails to do so, as long as it has made the required findings. *Id.*

{¶9} At the sentencing hearing, the court indicated that it had considered the record, the oral statements made at the hearing, the presentence investigation report, and two pretrial compliance reports. Prior to pronouncing the sentence, the court made the following findings:

> The court does find that a prison sentence is consistent with the purposes and principles of sentencing under Ohio Revised Code Section 2929.11 and that the defendant is not amenable to community controlled sanctions due to the seriousness of the defendant's conduct, because it is reasonably necessary to deter the offender, to protect the public from future crimes and because it does not place an unnecessary burden on Government resources.

(Tr. 39-40.)

{¶10} In finding that consecutive sentences were necessary to protect the public and were not disproportionate to the danger that Jones posed to the public, the court

recounted Jones's lengthy criminal record, including 11 juvenile adjudications of delinquency and 14 felony convictions. The court also found that Jones violated the law while on court-supervised release and committed these offenses while on postrelease control. The court stated:

> So in the court's mind[,] recidivism is more likely, * * * he has not responded favorably to sanctions previously imposed. There is a pattern of drug abuse related to the offense. Although he is standing here today saying he needs drug treatment, actually he advised the probation officer that he does not believe he has a problem or acknowledged that he needs treatment at this time.

{¶11} The transcript from the sentencing hearing demonstrates that the court made the necessary findings for consecutive sentences and we find no reason to dispute those findings. Moreover, the court stated its findings in the sentencing journal entry. A court of record speaks only through its journal and not by oral pronouncement. *Schenley v. Kauth*, 160 Ohio St. 109, 111, 113 N.E.2d 625 (1953). Therefore, the court complied with all statutory requirements for the imposition of consecutive sentences.

{¶12} The first and second assignments of error are overruled.

{¶13} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

KENNETH A. ROCCO, P.J., and
PATRICIA A. BLACKMON, J., CONCUR