[Cite as *State v. Thompson*, 2014-Ohio-2271.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100335**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KENNETH THOMPSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-574009

**BEFORE:** Jones, J., Boyle, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** May 29, 2014

**ATTORNEY FOR APPELLANT**

Allison S. Breneman
1220 West 6th Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Mahmoud Awadalla
        Brian Hoffman
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant Kenneth Thompson appeals his consecutive sentence in Case No. CR-13-574009. We affirm.

{¶2} Thompson was charged with failure to provide notice of change of address in Case No. CR-13-574215. In Case No. CR-13-574009, Thompson was charged with 13 crimes relative to the physical and sexual assault of the primary victim. The cases were disposed of together at the trial court level.

{¶3} The state and defense entered into plea negotiations and reached an agreement. Thompson pleaded guilty to an amended charge in Case No. CR-13-574215. In Case No. CR-13-574009, he pleaded guilty to Count 3, that was amended to reflect sexual battery; Count 4, kidnapping, that was amended to delete the indicted specifications; and Count 11, that was amended to reflect attempted felonious assault and to name two additional victims. The remaining counts and specifications were nolled. As part of the plea bargain, the state and defense agreed that the sexual battery and kidnapping counts were not allied offenses; the agreement was not placed on the record at the plea hearing, however.

{¶4} The following facts gave rise to the charges. The primary victim and Thompson had been intimately involved with each other. The first event, which was the subject of Count 11, attempted felonious assault, occurred in March 2013, and involved the primary victim waking up to Thompson holding a knife to her throat, threatening her. He also threatened the additionally named victims, who were the primary victim's

housemates.

{¶5} The primary victim reported Thompson's actions to the police, a prosecution against him was initiated, but the charges were no-billed because of the primary victim's failure to pursue the prosecution.

{¶6} The second incident, that was the subject of Count 3, sexual battery, and Count 4, kidnapping, occurred in April 2013. Thompson sexually assaulted the primary victim, who was then able to escape from him to her bedroom, where she closed and locked the door. Thompson, however, kicked the door open and physically assaulted her, splitting her lip during the attack. He would not let her leave the house to get help. A neighbor heard her screaming, went into the house, and found the victim lying on the floor, naked, bleeding, and unconscious. The neighbor woke the victim up and helped her get dressed. The police arrived on the scene and could hear the victim screaming and Thompson screaming obscenities at her.

{¶7} The trial court sentenced Thompson to a nine-year prison term, which included a consecutive sentence on the sexual battery and kidnapping charges. Thompson appeals and presents the following two assignments of error for our review:

> I.   Appellant was denied effective assistance of counsel in violation of Amendments VI and XIV, United States Constitution; and Article I, Section 10, Ohio Constitution.
> II.   The trial court erred by imposing consecutive sentences.

{¶8} In his first assignment of error, Thompson contends that his trial counsel was ineffective because he "failed to establish that [the sexual battery and kidnapping] were allied offenses during the plea hearing, which prejudiced [Thompson] during sentencing

when he was sentenced to consecutive sentences for these two counts."

{¶9} The standard of review for ineffective assistance of counsel was stated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to support a claim of ineffective assistance of counsel, the defendant must satisfy a two-prong test. First, he must show that counsel's performance was deficient. *Id.* This requires a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. *Id.*

{¶10} A properly licensed attorney is presumed to be competent. *Id.* at 688. In order to rebut this presumption, the defendant must show the actions of counsel did not fall within a range of reasonable assistance. *Id.* at 689. The court in *Strickland* stated, "[t]here are countless ways to provide effective assistance in any given case. * * *" *Id.* Therefore, "[j]udicial scrutiny of counsel's performance must be highly deferential. * * *" *Id.* "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* In addition, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." *Id.*

{¶11} Second, the defendant must show the deficient performance prejudiced the defense. In order to satisfy this prong, "[t]he defendant must show that there is a

reasonable probability that, but for counsel's * * * errors, the result of the proceeding would have been different." *Id.* at 694. In the context of a guilty plea, the defendant must demonstrate that there is a reasonable probability that, but for his counsel's errors, he would not have pled guilty and instead would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *State v. Curd*, 11th Dist. Lake No. 2003-L-030, 2004-Ohio-7222, ¶ 110.

{¶12} Thompson is unable to demonstrate that his counsel's performance was deficient. There was no discussion at the plea hearing as to whether the sexual battery and kidnapping counts would merge. But the court informed Thompson that his maximum prison exposure was 22 years, which would only be possible if the court ran the sexual battery and kidnapping counts consecutive. Thompson indicated that he understood.

{¶13} At sentencing, the assistant prosecuting attorney informed the court that there was no merger of the sexual battery and kidnapping counts, as agreed to by the parties as part of the plea bargain. The court inquired about the non-merger, and defense counsel admitted that, as part of the plea, Thompson stipulated that the offenses would not merge, but he argued that they were "connected" and "it doesn't mean that you have to run them consec[utive]."

{¶14} The court told the parties to "go back to the drawing board" because it was going to impose a consecutive sentence and it needed to know if the plea was "on the table" or not. The assistant prosecuting attorney reiterated that the agreement between

the parties was that the two counts would not merge, and defense counsel also reiterated that was the agreement, stating: "That is the agreement, your Honor. I will state that unequivocally on the record; however, I do not believe the Court has to impose a consecutive sentence."

{¶15} On this record, counsel was not deficient for failing to "establish that [the sexual battery and kidnapping] were allied offenses during the plea hearing," as Thompson contends. The record reflects that, as part of the plea bargain, Thompson agreed that the two offenses would not merge, and the plea colloquy advisement of his possible maximum prison term accounted for the possibility of the sexual battery and kidnapping counts being run consecutive.

{¶16} Further, the record supported the parties' agreement that the two counts not merge. Thompson sexually assaulted the primary victim, who was then able to escape from him to her bedroom, where she closed and locked the door. Thompson, however, kicked the door open and physically assaulted her, splitting her lip during the attack. He would not let her leave the house to get help. Thus, the sexual assault and kidnapping were two separate crimes.

{¶17} In regard to the second *Strickland* factor, even after being advised of the potential maximum sentence, that could only occur based on non-merger of the subject counts, Thompson pled guilty. Thus, he has failed to demonstrate that the result of the proceeding would have been any different.

{¶18} The first assignment of error is, therefore, overruled.

{¶19} For his second assignment of error, Thompson contends that the trial court erred in sentencing him to consecutive terms on the sexual battery and kidnapping counts.

{¶20} First, Thompson contends that the offenses were allied, and that the trial court made the same determination. We disagree. The court inquired whether they were allied because they arose from the "same date and time." After it was explained that they were not, and that the parties had stipulated to that, the court accepted that they were not allied offenses.

{¶21} We are not persuaded by Thompson's argument that the court found otherwise because it stated that they arose from the "same date and time." The incidents occurred on the same date, within the same time frame, but, as just discussed, they were separate occurrences that involved Thompson sexually assaulting the primary victim, then refusing to let her go to seek help. In fact, the court made a specific finding that "based on the facts and circumstances" these were "two separate incidents," and the primary victim was "victimized twice." On this record, the sexual battery and kidnapping had separate animuses and, thus, were not allied offenses.

{¶22} Second, Thompson contends that the trial court's findings for the imposition of consecutive sentences were not supported by the record.

{¶23} Under R.C. 2953.08(G)(2), we may overturn the imposition of a consecutive sentence if (1) the sentence is otherwise contrary to law or (2) we clearly and convincingly find that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4). *See State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 11; *State v.*

*Goins*, 8th Dist. Cuyahoga No. 98256, 2013-Ohio-263, ¶ 6.

**{¶24}** In imposing consecutive sentences, R.C. 2929.14(C)(4) requires that the trial court must find that the sentence is "necessary to protect the public from future crime or to punish the offender," that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and the existence of one of the three statutory factors set forth in R.C. 2929.14(C)(4)(a)-(c), which are as follows:

> (a) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction imposed pursuant to R.C. 2929.16, 2929.17, or 2929.18, or while under postrelease control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶25}** In imposing consecutive terms on Thompson, the trial court found that consecutive sentences were necessary to protect or punish and were not disproportionate to the seriousness of Thompson's conduct and the danger he posed to the public. The court further found the following:

I believe that the offender's criminal history, especially with regard to the sexual battery from 1996, and the facts and circumstances that I read into the record of that case as well as the continuing course of illegal conduct from * * * after his release from prison * * * and his continued nonreporting of his whereabouts to the county sheriff warrant consecutive sentences. I also find that, based on the facts and circumstances of the police report, portions of which I read into the record, with regard to the sexual battery, * * * the harm was so great or unusual that one term would not adequately reflect the seriousness of the conduct.

{¶26} Thompson does not contend that the trial court did not make the required findings but, rather, he contends that the record does not support them. According to Thompson, (1) he and the victim were in an "intimate, consensual relationship," (2) he is not a danger to the public, and (3) there was nothing "so serious and unusual" about his conduct. We disagree.

{¶27} The record clearly demonstrates that there was nothing consensual about Thompson and the primary victim's encounter that led to the charges here. The police report from that incident indicated that a neighbor heard the victim loudly screaming at Thompson to "stop" and "get off." Another neighbor also heard the victim "yelling for help like she was under duress." Moreover, when the police arrived at the home they heard Thompson yelling obscenities at the victim.

{¶28} The record also belies Thompson's contention that he is not a danger to the public. He has a significant history of criminal offenses, including violent ones. For example, in 1996, he was convicted of sexual battery, which resulted from him approaching two teenaged girls and offering them a ride. The girls accepted, but he took them to a location other than their intended destination, told them he possessed a firearm

and would shoot them if they did not have sex with him, and then had sex with one of them.

**{¶29}** We are also not persuaded by Thompson's contention that there was nothing so "serious and unusual" about his conduct. For all the reasons previously discussed, this was a serious, violent offense.

**{¶30}** In light of the above, the second assignment of error is overruled.

**{¶31}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, A.J., and
MARY EILEEN KILBANE, J., CONCUR

KEYWORDS:
#100335

Ineffective assistance of counsel; R.C. 2929.14 (C)(4)/sentencing/consecutive. As part of the pleas agreement, the parties agreed that the sexual battery and kidnapping counts would not merge, and appellant pled guilty. Trial counsel was not ineffective for not establishing that the two charges were allied offenses. Appellant's contention that the record does not support consecutive sentences is not based on fact. The record shows clearly that appellant is a danger to society, that he has a significant history of criminal offenses, and that appellant was not in a consensual relationship with the victim. The trial court did not err in imposing consecutive sentences.