[Cite as *State v. Alexander*, 2013-Ohio-1987.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98762

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## VAUGHN ALEXANDER, JR.

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-555041 and CR-561726

**BEFORE:** Jones, P.J., E.A. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** May 16, 2013

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building, Suite 940
526 Superior Avenue
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Andrew J. Santoli
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant, Vaughn Alexander, appeals his consecutive sentence. We affirm.

## I.   Procedural History

{¶2} In December 2011, Alexander entered into a plea agreement with the state of Ohio and pleaded guilty to two counts of drug trafficking and agreed to forfeit four cell phones in Case No. CR-555041.   The trial court sentenced Alexander to two years of community control sanctions with conditions.   In addition, the trial court issued a suspended sentence of 12 months in prison on each drug trafficking count.   At the time of his plea and sentence, Alexander was on probation to the court in Case No. CR-547970.

{¶3} On July 17, 2012, Alexander pleaded guilty to one count of drug trafficking and one count of attempted retaliation and agreed to forfeit a bicycle and a cell phone in Case No. CR-561726.   The trial court proceeded immediately to sentencing and revoked Alexander's community control sanctions in CR-555041.   The trial court sentenced Alexander as follows: (1) in Case No. CR-561726, the court sentenced Alexander to 17 months in prison on each of the two counts, to be served concurrently; (2) in Case No. CR-555041, the court sentenced him to 11 months in prison on each of the two counts, to be served concurrently; and (3) in Case No. CR-547970, the court decided to terminate probation.   The trial court ordered the sentences in Case Nos. CR-555041 and CR-561726 to be served consecutively, for a total of 28 months in prison.

## II. Law and Analysis

{¶4} Alexander appeals, raising one assignment of error for our review, in which he argues that the trial court erred by imposing consecutive sentences without making findings mandated by R.C. 2929.14.

{¶5} An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Johnson*, 8th Dist. No. 97579, 2012-Ohio-2508, ¶ 6, citing *State v. Hites*, 3d Dist. No. 6-11-07, 2012-Ohio-1892. R.C. 2953.08(G)(2) provides that an appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court." If an appellate court clearly and convincingly finds either that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]" or (2) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." *Johnson* at *id.*

{¶6} R.C. 2929.14(C)(4) provides that if multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if (1) the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender; (2) that the consecutive sentence is not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).[1]

{¶7} Thus, a sentencing court must analyze whether consecutive sentences are necessary to protect the public or punish the offender, are not disproportionate, and make one additional finding listed in R.C. 2929.14(C)(4)(a)-(c).

{¶8} "A trial court satisfies this statutory requirement when the record reflects that the court has engaged in the required analysis and has selected the appropriate statutory criteria." *State v. Goins*, 8th Dist. No. 98256, 2013-Ohio-263, ¶ 10, citing *State v. Edmonson*, 86 Ohio St.3d 324, 326, 1999-Ohio-10, 715 N.E.2d 131.

{¶9} In making these findings, a trial court is not required to use "talismanic words

---

[1] R.C. 2929.14(C) refers to "convictions of multiple offenses," but does not distinguish between multiple counts in a single case and multiple counts in separate cases. Consequently, the statute applies even though Alexander was sentenced in two separate cases.

to comply with the guidelines and factors for sentencing." *Goins* at *id.*, citing *State v. Brewer*, 1st Dist. No. C-000148, 2000 Ohio App. LEXIS 5455, *10 (Nov. 24, 2000). But it must be clear from the record that the trial court actually made the findings required by statute. *Goins* at *id.* A trial court satisfies this statutory requirement when the record reflects that the court has engaged in the required analysis and has selected the appropriate statutory criteria. *Id.*

{¶10} In sentencing Alexander to consecutive sentences, the trial court stated that "the purpose of felony sentencing in the State of Ohio is to protect the public and punish the offender." The court then outlined Alexander's "extensive" criminal history, which dated back to 1994, commenting that he had a "very, very poor adjustment to probation." The court noted that Alexander was on community control sanctions at the time he committed the current crimes and showed no remorse. The court found that "due to the defendant's extensive history of narcotics trafficking, finding that these crimes were committed while this defendant was under sanction to this court, and given that this defendant does have an extensive criminal history of similar offenses * * * consecutive sentences are appropriate."

{¶11} Alexander claims that his sentence should be vacated because the trial court failed to specifically find that the consecutive sentences were not disproportionate to the seriousness of his conduct and the danger he poses to the public. But the trial court made the appropriate findings as to proportionality when it stated that it was imposing consecutive sentences based on Alexander's extensive criminal history, noting that many

of his past crimes were similar in nature and involved drug trafficking. *See State v. Drobny*, 8th Dist. No. 98404, 2013-Ohio-937; *Goins*, *supra* (finding the record offered evidence that the trial court fully engaged in the R.C. 2929.14(C)(4) analysis, even though specific findings were not stated on the record); *State v. Jackson*, 8th Dist. No. 98354, 2013-Ohio-372; *but see State v. Battle*, 8th Dist. No. 98294, 2013-Ohio-816 (trial court failed to expressly address the R.C. 2929.14(C)(4) factors and there was insufficient evidence in the record to show a reasoned consideration of the factors).

{¶12} Here, the trial court considered not only Alexander's past crimes, but the fact that it had twice previously sentenced Alexander to alternatives to prison, but Alexander continued to traffic in narcotics.

{¶13} In light of the above, the trial court engaged in the appropriate analysis in deciding to run the sentence in Case No. CR-561726 consecutive to the sentence it imposed in Case No. CR-555041.[2]

{¶14} The sole assignment of error is overruled.

{¶15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[2] Trial courts can ensure compliance with the sentencing statutes by utilizing a worksheet and memorializing their findings from that worksheet on both the record and in the court's journal entry. "Because a trial court speaks only through its journal, we have long approved the use of a sentencing-findings worksheet to document that the trial court has made the required findings." *State v. Jones*, 8th Dist. No. 98371, 2013-Ohio-489, ¶ 47 (Gallagher, S., concurring), citing *State v. Alexander*, 1st Dist. Nos. C-110828 and C-110829, 2012-Ohio-3349.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR