[Cite as *State v. Fields*, 2013-Ohio-3736.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99539**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CLIFTON FIELDS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-563378

**BEFORE:** Rocco, J., Jones, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** August 29, 2013

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1370 Ontario Street
1350 Standard Building
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Francine B. Goldberg
          Ronni Ducoff
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶1} In this appeal brought on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1, defendant-appellant Clifton Fields appeals from the sentences imposed upon him after he entered guilty pleas to two counts of rape and two counts of kidnapping, all with notices of prior conviction and repeat violent offender specifications.[1]

{¶2} The purpose of an accelerated appeal is to permit this court to issue a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (1st Dist.1983).

{¶3} In his sole assignment of error, Fields argues that the trial court failed to make the necessary findings before imposing consecutive terms for his convictions. A review of the record renders his argument unpersuasive.

{¶4} In this case, the trial court noted at the sentencing hearing that it had considered the presentence report, the comments made, the overriding purposes and principles of sentencing, and the applicable seriousness and recidivism factors. The court mentioned the fact that the victim, Fields's mother-in-law, was physically impaired.[2] The trial court found that "consecutive sentences are also appropriate for a number of reasons * * * ."

---

[1]The kidnapping counts also contained sexual motivation specifications.

[2]The victim also was more than twenty years Fields's senior.

**{¶5}** One of the reasons was the fact that Fields committed the offenses separately in time and place. The trial court further stated that consecutive sentences were "necessary to protect the public from future crimes and to punish" Fields, that Fields's offenses were "part of a course of conduct, and the harm caused by these acts was so great or unusual that a single prison sentence would not adequately reflect the seriousness of the offense[s]." The court had previously determined that the kidnapping counts "merged" into the two rape counts, and the court decided to impose consecutive terms on each count of eight years and ten years "because of the nature of this offense and the fact that a second offense occurred, and [Fields] went back [and raped the victim again.]"

**{¶6}** The foregoing comments provide each of the necessary findings required by R.C. 2929.14(C)(4). The trial court simply used the word "appropriate" rather than the "talismanic" word "proportionate." *State v. Alexander*, 8th Dist. Cuyahoga No. 98762, 2013-Ohio-1987; *State v. Grier*, 8th Dist. Cuyahoga No. 98637, 2013-Ohio-1661. Under these circumstances, this court cannot clearly and convincingly conclude either that the record does not support the trial court's findings or that the sentences imposed were contrary to law. R.C. 2953.08(G)(2).

**{¶7}** Fields's assignment of error is overruled, and his sentences are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MARY EILEEN KILBANE, J., CONCURS;
LARRY A. JONES, SR., P.J., CONCURS IN
JUDGMENT ONLY