[Cite as *State v. Banville*, 2024-Ohio-956.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                    :

                                        No. 112965

    v.                                              :

KENNETH BANVILLE,                            :

    Defendant-Appellant.                  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** March 14, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-22-677123-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory M. Paul, Assistant Prosecuting Attorney, *for appellee.*

Wegman Hessler Valore and Dean M. Valore, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant Kenneth Banville appeals the sentence imposed in Cuyahoga C.P. No. CR-22-677123-A. Upon review, we affirm the judgment of the

trial court, but remand with instructions for the trial court to issue a nunc pro tunc sentencing entry that incorporates its consecutive-sentence findings.

{¶ 2} Appellant entered guilty pleas to 15 counts in this case, which included charges of involuntary manslaughter, gross abuse of a corpse, tampering with evidence, having weapons while under disability, corrupting another with drugs, and other drug-related charges. The trial court held a joint-sentencing hearing on June 28, 2023, at which appellant was sentenced in this case, as well as in three other cases. The trial court imposed an aggregate sentence in this case of 14 years to 19.5 years. The sentence was ordered to run concurrent with the 9-year aggregate sentence imposed in Cuyahoga C.P. No. CR-22-672644, but consecutive with the 9-year aggregate sentence imposed in each Cuyahoga C.P. Nos. CR-19-636305-A and CR-21-665107-A, which were run consecutive to each other. Appellant timely appealed his sentence in this case.[1]

{¶ 3} Under his first assignment of error, appellant raises constitutional challenges to the Reagan Tokes Law and the trial court's imposition of an indefinite sentence. We summarily overrule this assignment of error on the authority of *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535.

{¶ 4} Under his second assignment of error, appellant challenges the trial court's imposition of consecutive sentences. Appellant argues that the trial court

---

[1] We shall address only the case before us on appeal. *See State v. Tate*, 8th Dist. Cuyahoga Nos. 102776 and 102777, 2015-Ohio-5260, ¶ 2.

failed to make the properly supported findings and that the trial court failed to incorporate any findings within the sentencing entry.

{¶ 5} Pursuant to R.C. 2929.14(C)(4), to impose consecutive sentences, a trial court must find that "the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." The trial court also must make at least one of the findings set forth under R.C. 2929.14(C)(4)(a)-(c). "When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing" and "incorporate its statutory findings into the sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

{¶ 6} A review of the transcript reflects that the trial court made each of the required statutory findings at the sentencing hearing. The trial court found as follows:

> I do find that consecutive sentences are necessary to protect the public from future crimes and to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of your conduct and truly to the danger that you pose to the public.
>
> Again, you committed these multiple offenses while you were awaiting sentencing. And as has been previously discussed, you have a criminal history which demonstrates that consecutive sentences are necessary to protect the public from future crimes. At least one or more of these courses of conduct and harm caused by these multiple offenses committed are so great or unusual that any single prison term for any of these offenses committed as part of a course of conduct would adequately reflect the seriousness of your conduct.

(Tr. 110-111.)

{¶ 7} Although appellant acknowledges that the requisite findings were made, he argues that the findings were relevant to running the sentence "within this case" consecutively and that the trial court went on to run the sentence consecutive to two other cases without having made separate findings in this regard and without having any information given about the other cases at the sentencing hearing. Appellant fails to cite any authority to support this argument. A court of appeals may disregard any assigned error that is unsupported by citation to caselaw or statutes. *State v. Tye*, 8th Dist. Cuyahoga No. 111174, 2022-Ohio-2869, ¶ 25, citing App.R. 12(A)(2) and 16(A)(7).[2]

{¶ 8} Nonetheless, as this court has previously recognized, "R.C. 2929.14(C) refers to 'convictions of multiple offenses,' but does not distinguish between multiple counts in a single case and multiple counts in separate cases." *State v. Alexander*, 8th Dist. Cuyahoga No. 98762, 2013-Ohio-1987, ¶ 6, fn. 1; *see also State v. Rice*, 8th Dist. Cuyahoga No. 102443, 2015-Ohio-3885, ¶ 11 (recognizing a trial court has authority to order a prison term to run consecutive to a prison term in another case). Also, "[i]n order to impose any or all of the sentences consecutively, the trial court was required to make findings, not multiple sets of findings dependent on the source of the sentence imposed." *State v. Smith*, 8th Dist. Cuyahoga No. 112271, 2023-Ohio-3974, ¶ 17, citing *State v. Jones*, 171 Ohio St.3d

---

[2] Moreover, it is not the role of an appellate court to search for legal authority to support an appellant's argument. *See State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 19, citing *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 78 (O'Donnell, J., concurring in part and dissenting in part).

496, 2022-Ohio-4485, 218 N.E.3d 867, ¶ 12. "The plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, Slip Opinion No. 2023-Ohio-3851, ¶ 5.

{¶ 9} The record reflects that before imposing sentence, the trial court considered the presentence-investigation report and the state's sentencing memorandum, which provided an overview of the facts underlying the charges in each case. The trial court heard from the assistant prosecutor and from defense counsel, who informed the court of mitigating factors. The trial court also heard from the victim's mother, the victim's best friend, and the lead detective in the case, as well as from appellant and appellant's sister. The trial court was aware that appellant had a history of drug-related convictions dating back to 2009. The record shows that appellant was being sentenced on four cases before the court, and he committed the crimes in this case while he was awaiting sentencing in another case. In this case, appellant supplied the victim with fentanyl and caused her death. The victim's body sustained postmortem injuries. As the assistant prosecutor remarked, the victim "was a person loved by many and discarded by [appellant] as little more than a piece of trash." (Tr. 76.) The state believed appellant dragged her corpse, possibly with the assistance of another, from an apartment downtown to a drug house in Slavic Village. A litany of letters and emails were sent to the court by those affected by appellant's criminal acts. After thoroughly reviewing the record before

us, we do not clearly and convincingly find that the record does not support the trial court's consecutive-sentence findings.

{¶ 10} Finally, as argued by appellant and conceded by the state, the trial court failed to include any of the consecutive-sentence findings in the sentencing entry. However, this does not warrant a reversal as requested by appellant. "A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 30, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 15.

{¶ 11} For these reasons, the second assignment of error is overruled.

{¶ 12} In accordance with *Bonnell*, we remand this matter to the trial court solely to issue a nunc pro tunc sentencing entry that incorporates its consecutive-sentence findings.[3]

{¶ 13} Judgment affirmed; case remanded for the trial court to issue a nunc pro tunc entry to bring the sentencing entry into compliance with the requirements of *Bonnell* at ¶ 29-30.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[3] Nothing herein prevents the trial court from issuing a nunc pro tunc entry in the other referenced cases that are not before us on appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court with instructions.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
EILEEN T. GALLAGHER, J., CONCUR