[Cite as *State v. Hamrick*, 2024-Ohio-5101.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                                       :

    Plaintiff-Appellee,                      :

                                         No. 113784

    v.                                                    :

BRANDEN HAMRICK,                             :

    Defendant-Appellant.                    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:**  October 24, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-22-666734-A, CR-23-679155-A, CR-23-680647-A,
CR-23-680652-A, and CR-23-683274-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Connor Davin, Assistant Prosecuting
Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and
Aaron T. Baker, Assistant Public Defender, *for appellant*.

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant, Branden Hamrick ("Hamrick"), appeals from his

sentence, raising the following assignment of error for review:

The trial court's consecutive sentencing of Mr. Hamrick was in error because the sentencing findings were clearly and convincingly not supported by the record.

{¶ 2} After careful review of the record and relevant case law, we affirm Hamrick's convictions and sentence. However, we remand for the issuance of a nunc pro tunc journal entry.

## I. Procedural and Factual History

{¶ 3} On March 2, 2022, Hamrick was named in a single-count indictment in Cuyahoga C.P. No. CR-22-666734-A, charging him with failure to verify his address in violation of R.C. 2950.06(F) (Count 1). The indictment stemmed from allegations that Hamrick failed to verify his address on December 15, 2021, pursuant to the registration requirements of a "sexual juvenile Tier II offender case" that occurred in September 2010. (Tr. 42.)

{¶ 4} On March 14, 2023, Hamrick was named in a three-count indictment in Cuyahoga C.P. No. CR-23-679155-A, charging him with failure to comply in violation of R.C. 2921.331(B), with a furthermore clause that Hamrick caused a substantial risk of serious physical harm to persons or property (Count 1); failure to comply in violation of R.C. 2921.331(B), with a furthermore clause that Hamrick was fleeing immediately after the commission of a felony (Count 2); and receiving stolen property in violation of R.C. 2913.51(A) (Count 3). The indictment stemmed from allegations that on February 14, 2023, Hamrick engaged in a high-speed chase with the police while driving a stolen vehicle. (Tr. 42.)

**{¶ 5}** On April 28, 2023, Hamrick was named in a single-count indictment in Cuyahoga C.P. No. CR-23-680647-A, charging him with having weapons while under disability in violation of R.C. 2923.13(A)(2), with one-year and 18-month firearm specifications, and a forfeiture specification (Count 1). The indictment stemmed from allegations that on March 30, 2023, Hamrick unlawfully possessed an operable firearm while under disability. (Tr. 44-45.)

**{¶ 6}** On April 28, 2023, Hamrick was named in a five-count indictment in Cuyahoga C.P. No. CR-23-680652-A, charging him with discharge of a firearm on or near a prohibited premises in violation of R.C. 2923.162(A)(3) (Count 1); felonious assault in violation of R.C. 2903.11(A)(1) (Count 2); felonious assault in violation of R.C. 2903.11(A)(2) (Count 3); improperly discharging a firearm into a habitation in violation of R.C. 2923.161(A)(1) (Count 4); and having weapons while under disability in violation of R.C. 2923.13(A)(2), with a forfeiture specification (Count 5). Counts 1-4 each carried one-year, 18-month, and three-year firearm specifications, a forfeiture specification, a notice-of-prior-conviction specification, and a repeat-violent-offender specification. The indictment stemmed from allegations that on March 29, 2023, Hamrick discharged a firearm into a residence, causing injuries to the alleged victim, Deanna Matthew ("Matthew"). (Tr. 44.)

**{¶ 7}** On July 26, 2023, Hamrick was named in a single-count indictment in Cuyahoga C.P. No. CR-23-683274-A, charging him with felonious assault in violation of R.C. 2903.11(A)(1) (Count 1). The indictment stemmed from allegations

that Hamrick caused serious physical harm to the alleged victim, Elijah Lash ("Lash"), on May 30, 2023. (Tr. 46.)

{¶ 8} On December 20, 2023, Hamrick appeared before the trial court and expressed his willingness to accept the terms of a negotiated plea agreement with the State that would resolve Case Nos. CR-22-666734-A, CR-23-679155-A, CR-23-680647-A, CR-23-680652-A, and CR-23-683274-A.

{¶ 9} In Cuyahoga C.P. No. CR-22-666734-A, Hamrick pleaded guilty to a single count of failure to verify his current residence address in violation of R.C. 2950.06(F) as charged in Count 1 of the indictment. During a consolidated sentencing hearing held on February 27, 2024, Hamrick was sentenced to a 24-month term of imprisonment.

{¶ 10} In Cuyahoga C.P. No. CR-23-679155-A, Hamrick pleaded guilty to a single count of attempted failure to comply with the order or signal of a police officer in violation of R.C. 2923.02 and 2921.331 as amended in Count 1 of the indictment. The remaining counts were nolled. Hamrick was sentenced to an 18-month term of imprisonment.

{¶ 11} In Cuyahoga C.P. No. CR-23-680647-A, Hamrick pleaded guilty to a single count of having weapons while under disability in violation of R.C. 2923.13(A)(2), with forfeiture specifications, as amended in Count 1 of the indictment. The firearm specifications were deleted. Hamrick was sentenced to a 24-month term of imprisonment.

**{¶ 12}** In Cuyahoga C.P. No. CR-23-680652-A, Hamrick pleaded guilty to a single count of improper discharge of a firearm into a habitation in violation of R.C. 2923.161(A)(1), with a forfeiture specification, as amended in Count 4 of the indictment. The remaining specifications were deleted, and the remaining counts were nolled. Hamrick was sentenced to an indefinite prison term with a stated minimum period of 8 years and a maximum period of 12 years under the Reagan Tokes Law.

**{¶ 13}** In Cuyahoga C.P. No. CR-23-683274-A, Hamrick pleaded guilty to a single count of attempted felonious assault in violation of R.C. 2923.02 and 2903.11(A)(1) as amended in Count 1 of the indictment. Hamrick was sentenced to a 24-month term of imprisonment.

**{¶ 14}** Relevant to this appeal, the trial court ordered in individual prison terms imposed in Case Nos. CR-22-666734-A, CR-23-679155-A, CR-23-680647-A, CR-23-680652-A, and CR-23-683274-A to run concurrently with each other, but consecutive to an indefinite prison term of four-to-six years previously imposed in Cuyahoga C.P. No. CR-23-680117-B. (Tr. 59.) The sentence imposed in Cuyahoga C.P. No. CR-23-680117-B related to the stolen vehicle that Hamrick subsequently used to evade the police in Cuyahoga C.P. No. CR-23-679155-A.

**{¶ 15}** Hamrick now appeals from the imposition of consecutive sentences.

## II. Law and Analysis

{¶ 16} In the sole assignment of error, Hamrick argues the trial court's imposition of consecutive sentences was contrary to law and unsupported by the record.

{¶ 17} We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 21. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence or vacate a sentence and remand for resentencing if it "clearly and convincingly" finds that (1) the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I) or (2) the sentence is "otherwise contrary to law."

{¶ 18} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender; (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public; and (3) that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 19} Conformity with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *State v. Bonnell*, 2014-Ohio-3177, ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324 (1999). To this end, a reviewing court must be able to ascertain from the record evidence to support the trial court's findings. *Bonnell* at ¶ 29. "A trial court is not, however, required to state its reasons to support its findings, nor is it required to [recite verbatim] the statutory language, 'provided that the necessary findings can be found in the record and are incorporated in the sentencing entry.'" *State v. Sheline*, 2019-Ohio-528, ¶ 176 (8th Dist.), quoting *Bonnell* at ¶ 37.

{¶ 20} In this case, the trial court made the following statement on the record when imposing consecutive sentences:

> I am making them consecutive because to do otherwise would demean the seriousness of the crimes committed and the defendant's criminal history says that it is necessary to protect the public from future crime. Very close in time this defendant committed these crimes, including a high-speed chase, including a discharge of a firearm . . . and I believe that it's not disproportionate to the seriousness of the offender's conduct and to the degree of danger the defendant poses to the public. And at least two of these offenses were committed as part of one or more courses of conduct, especially the failure to comply, along with the discharge[.]
>
> . . .

And his history of criminal conduct also dictates that consecutive sentences are necessary to protect the public from future crime by this defendant.

(Tr. 61-63.)

{¶ 21} On appeal, Hamrick does not dispute that the trial court made the necessary findings for imposing consecutive sentences under R.C. 2929.14(C)(4). Nevertheless, Hamrick contends that the trial court's findings are clearly and convincingly not supported by the record. Specifically, Hamrick asserts that because "each of the five cases at issue" only involved a single conviction, the trial court's reliance on course-of-conduct language under R.C. 2929.14(C)(4)(b) was misplaced.

{¶ 22} Relevant to this appeal, "R.C. 2929.14(C) refers to 'convictions of multiple offenses,' but does not distinguish between multiple counts in a single case and multiple counts in separate cases." *State v. Alexander*, 2013-Ohio-1987, ¶ 6, fn. 1 (8th Dist.). Thus, it is well settled that a trial court has authority to order a prison term to run consecutive to a prison term in another case. *See State v. Banville*, 2024-Ohio-956, ¶ 8 (8th Dist.), citing *State v. Rice*, 2015-Ohio-3885, ¶ 11 (8th Dist.).

{¶ 23} After careful review, we are unable to conclude that the record clearly and convincingly does not support the trial court's findings under R.C. 2929.14(C)(4). In this case, Hamrick engaged in a series of criminal offenses that either caused his victims direct physical harm or placed the public at great risk of serious harm. Between February and March 2023, Hamrick risked the lives of members of this community by discharging a firearm into a habitation and by

leading the police on a high-speed chase through the Village of Newburgh Heights in a stolen vehicle that was the subject to Cuyahoga C.P. No. CR-23-680117-B. Hamrick then continued his acts of violence while incarcerated by physically assaulting a fellow inmate. These offenses occurred within a short period of time and shared a causal relationship with the course of conduct underlying Hamrick's convictions in Cuyahoga C.P. No. CR-23-680117-B. Contrary to Hamrick's assertion on appeal, it is clear from the sentencing transcript that the trial court's course-of-conduct finding contemplated the offenses from each indictment collectively. Accordingly, we find no merit to Hamrick's assertion that the court erroneously relied on R.C. 2929.14(C)(4)(b) because there was only one conviction entered in each of the five indictments at issue.

{¶ 24} Moreover, even if this court were to construe each criminal case as involving separate "courses of conduct," we find the trial court made the necessary findings to impose consecutive sentences by relying on the alternative factor set forth in R.C. 2929.14(C)(4)(c). Here, Hamrick's criminal history is significant and reflects his propensity to violence. Beyond the five criminal cases involved in this appeal, Hamrick's record includes a prior adjudication for gross sexual imposition, and prior felony convictions for felonious assault, grand theft, kidnapping, aggravated robbery, having weapons while under disability, and improperly handling firearms in a motor vehicle (Cuyahoga C.P. Nos. CR-12-564560-A and CR-23-680117-B). *See State v. Grant*, 2018-Ohio-1759, ¶ 42 (8th Dist.) ("It is well settled that a defendant's juvenile record may be considered as part of an offender's

'criminal history' for R.C. 2929.14(C)(4) purposes in determining whether to impose consecutive sentences."); *State v. Forsell*, 2020-Ohio-5381, ¶ 24 (11th Dist.) ("It has been held that when sentencing a defendant, a trial court is permitted to consider not only prior criminal history, but also pending crimes for which that defendant has been arrested.").

{¶ 25} Under the forgoing circumstances, we cannot say that the record clearly and convincingly does not support the trial court's finding under R.C. 2929.14(C). The matter is remanded, however, for the trial court to incorporate its findings regarding Hamrick's criminal history into the sentencing journal entries.

{¶ 26} Hamrick's sole assignment of error is overruled.

{¶ 27} Judgment affirmed. Remanded for the trial court to issue a nunc pro tunc journal entry as direct by this decision.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court to issue a nunc pro tunc journal entry as direct by this decision.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

MARY J. BOYLE, J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)