[Cite as *State v. Long*, 2025-Ohio-1654.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO, :

    Plaintiff-Appellee, :

                                                      Nos. 113805 and 113806

    v. :

JOHN W. LONG, :

    Defendant-Appellant. :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 8, 2025

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-22-674230-A and CR-23-680663-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Adrienne E. Linnick, Assistant Prosecuting
Attorney, *for appellee*.

D. Coleman Bond, *for appellant*.

WILLIAM A. KLATT, J.:

**{¶ 1}** Defendant-appellant John W. Long ("Long") appeals the imposition of consecutive sentences for gross sexual imposition and other charges. For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} This is an appeal from two separate cases. On September 13, 2022, in Cuyahoga C.P. No. CR-22-674230-A ("the Independence case"), a Cuyahoga County Grand Jury indicted Long on three counts of gross sexual imposition in violation of R.C. 2907.05(A)(1), two counts of gross sexual imposition in violation of R.C. 2907.05(A)(2), two counts of gross sexual imposition in violation of R.C. 2907.05(A)(5), one count of kidnapping in violation of R.C. 2905.01(A)(4), one count of rape in violation of R.C. 2907.02(A)(2), one count of rape in violation of R.C. 2907.02(A)(1)(a), and one count of rape in violation of R.C. 2907.02(A)(1)(c). These charges arose as the result of an incident in Independence, Ohio, in which Long sexually assaulted a minor who had come to his business for a job interview.

{¶ 3} On April 27, 2023, in Cuyahoga C.P. No. CR-23-680663-A ("the Shaker Heights case") a Cuyahoga County Grand Jury indicted Long on three counts of gross sexual imposition in violation of R.C. 2907.05(A)(1), each with a sexually violent predator specification, and one count of kidnapping in violation of R.C. 2905.01(A)(4) with a sexually violent predator specification and a sexual motivation specification. These charges arose as the result of an incident in Shaker Heights, Ohio, in which Long sexually assaulted one of his employees, also a minor, at a different business location. This incident took place after Long was indicted in the Independence case.

{¶ 4} Long initially pleaded not guilty to all charges in both cases. On July 17, 2023, the State filed a motion for joinder of both cases. On July 25, 2023, Long

filed a brief in opposition to the State's motion for joinder.  On July 28, 2023, the trial court granted the State's motion for joinder.

{¶ 5}  On February 5, 2024, the trial court held a change-of-plea hearing.  In the Independence case, Long pleaded guilty to three counts of gross sexual imposition in violation of R.C. 2907.05(A)(1) and one amended count of sexual battery in violation of R.C. 2907.03(A)(1).  In the Shaker Heights case, Long pleaded guilty to three counts of gross sexual imposition in violation of R.C. 2907.05(A)(1), each amended to delete their respective specifications.  All remaining counts and specifications in both cases were nolled.

{¶ 6}  On March 11, 2024, the court held a sentencing hearing.  The court heard from the assistant prosecuting attorney, defense counsel, Long, Long's cousin, both of Long's victims, family members of both victims, and a detective who investigated Long's case.  The assistant prosecuting attorney asked the court to impose a consecutive sentence of 13 years.

{¶ 7}  In the Independence case, the court sentenced Long to 18 months in prison on one count of gross sexual imposition, 12 months in prison for each of the two remaining counts of gross sexual imposition, and 60 months in prison on the sexual battery count.  The court ordered those sentences to be served consecutively for a total sentence of eight and one-half years.  In the Shaker Heights case, the court sentenced Long to 18 months on one count of gross sexual imposition and 12 months on each of the two remaining counts of gross sexual imposition.  The court ordered those sentences to be served consecutively to each other and to the sentence in the

other case, for a total aggregate sentence in both cases of 12 years. The court also imposed restitution in each case for lost wages for both victims and ordered Long to have no contact with either victim. Finally, Long was designated as a Tier III sexual offender.

{¶ 8} At the sentencing hearing, the trial court made the following consecutive sentence findings:

> I am ordering the defendant serve his prison terms consecutively because I find that a consecutive sentence is necessary to protect the public from future crime and to adequately punish the offender. I further find that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger he still poses to the public.
>
> I further find specifically under subsection A that the defendant committed one or more of the multiple offenses while awaiting trial or sentencing.
>
> I further find with both cases in mind, and given the different dates on which they were committed in time, that the defendant's history, thereby established, demonstrates consecutive sentences are necessary to protect the public from future crime by the defendant.

(Tr. 223-224.)

{¶ 9} Long filed a timely notice of appeal and presents a single assignment of error for our review:

> The trial court's imposition of consecutive sentences was clearly and convincingly unsupported by the record.

**Law and Analysis**

{¶ 10} In Long's sole assignment of error, he argues that the trial court erred in imposing consecutive sentences when the trial court's findings made pursuant to R.C. 2929.14(C)(4) were unsupported by the record. While Long filed a notice of

appeal from both cases, he limits his argument to the imposition of consecutive sentences for his convictions in the Independence case. Specifically, Long argues that the trial court's findings under R.C. 2929.14(C)(4)(a) and (c) were unsupported by the record. With respect to R.C. 2929.14(C)(4)(a), Long argues that the trial court inappropriately based the imposition of consecutive sentences on its finding under R.C. 2929.14(C)(4)(a) that "the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing." Long argues that, because he was not awaiting trial or sentencing when he committed the offenses in the Independence case, the finding is unsupported by the record. We disagree.

{¶ 11} Under R.C. 2929.14(C)(4), a trial court may impose consecutive sentences if it finds that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public, and (3) at least one of the following applies: (a) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 12} Conformity with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that the trial court "must note that it engaged in the analysis" and that it "has considered the statutory criteria and specifie[d] which of the given bases warrant its decision." *State v. Bonnell*, 2014-Ohio-3177, ¶ 26. Further, a trial court is not required to state its reasons to support its findings or to recite verbatim the statutory language, """provided that the necessary findings can be found in the record and are incorporated in the sentencing entry.""" *State v. Hamrick*, 2024-Ohio-5101, ¶ 19 (8th Dist.), quoting *State v. Sheline*, 2019-Ohio-528, ¶ 176 (8th Dist.), quoting *Bonnell* at ¶ 37.

{¶ 13} To challenge consecutive sentences on appeal, a defendant may argue either that (1) the sentence is contrary to law because the trial court did not make the required R.C. 2929.14(C)(4) findings or (2) the trial court's findings are not clearly and convincingly supported by the record. *State v. Hawley*, 2020-Ohio-1270, ¶ 10 (8th Dist.).

{¶ 14} Here, the trial court found that consecutive sentences were necessary to protect the public from future crime by Long and to punish him, that consecutive sentences were not disproportionate to the seriousness of his conduct and the danger he poses to the public, and that Long committed one or more of the offenses while awaiting trial. Long does not dispute that the trial court made the requisite findings under R.C. 2929.14(C)(4). Instead, he asserts that the R.C. 2929.14(C)(4)(a) finding — that the offender committed one or more of the multiple

offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense — was clearly and convincingly unsupported by the record because he committed the offenses in the Independence case prior to the offenses in the Shaker Heights case (and had no other pending criminal cases at that time).

{¶ 15} This court has recently rejected a similar argument. In *State v. Banville*, the appellant received consecutive sentences across multiple cases. *State v. Banville*, 2024-Ohio-956 (8th Dist.). The appellant acknowledged that the trial court made the requisite findings but argued that the findings were only relevant to "running the sentence 'within this case' consecutively and that the trial court went on to run the sentence consecutive to two other cases without having made separate findings in that regard" and without giving any additional information about the other cases at the sentencing hearing. *Id.* at ¶ 7. This court rejected the appellant's argument, noting that R.C. 2929.14(C) refers to "convictions of multiple offenses," but does not distinguish between multiple counts in a single case and multiple counts in separate cases. *Id.*, quoting *State v. Alexander*, 2013-Ohio-1987, ¶ 6, fn. 1 (8th Dist.). Further, "'[i]n order to impose any or all of the sentences consecutively, the trial court was required to make findings, not multiple sets of findings dependent on the source of the sentence imposed.'" *Id.* at ¶ 8, quoting *State v. Smith*, 2023-Ohio-3974, ¶ 17 (8th Dist.), citing *State v. Jones*, 2022-Ohio-4485, ¶ 12 (8th Dist.).

{¶ 16} Therefore, after careful review, we are unable to conclude that the record clearly and convincingly does not support the trial court's finding under R.C.

2929.14(C)(4)(a). Because only one of the three findings under R.C. 2929.14(C)(4)(a)-(c) must be made to support the imposition of consecutive sentences and the trial court properly made a finding under R.C. 2929.14(C)(4)(a), we need not consider Long's argument with respect to R.C. 2929.14(C)(4)(c). Long's sole assignment of error is overruled.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

WILLIAM A. KLATT, JUDGE*

MICHELLE J. SHEEHAN, P.J., and
MICHAEL JOHN RYAN, J., CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)