[Cite as *State v. Xi*, 2025-Ohio-3069.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 114540 |
| v. | : | |
| JUAN TIUL XI, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 28, 2025

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-689707-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Alicia Paolucci, Assistant Prosecuting Attorney, *for Appellee.*

Susan J. Moran, *for Appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant Juan Tiul Xi ("Xi") appeals the trial court's imposition of consecutive prison sentences following his guilty plea to two counts of sexual battery. After careful review of the record, we affirm.

## I. Background and Factual History

{¶ 2} Xi pleaded guilty to two counts of sexual battery in violation of R.C. 2907.03(A)(5), both third-degree felonies. The charges arose from Xi's repeated sexual assaults of a 15-year-old girl who had been smuggled into the United States, from Guatemala, using false documentation. Xi held the victim for several months and ultimately impregnated her. A DNA test confirmed paternity.

{¶ 3} During sentencing, the State referenced concerns raised by the victim regarding alleged threats received by her family in Guatemala. These alleged threats were made by Xi's wife and associates. The trial court imposed consecutive four-year terms for an aggregate eight-year sentence. Xi appeals, asserting two assignments of error for review.

## II. Assignments of Error

1. The trial court erred in relying upon prejudicial and unsubstantiated allegations while sentencing Xi, depriving him of his due process rights.

2. The trial court erred by imposing consecutive sentences which were not supported.

## III. Standard of Review

{¶ 4} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 21. Pursuant to R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate a sentence and remand for resentencing only if it clearly and convincingly finds either that (1) the record does not support the trial court's findings under R.C. 2929.13(B)

or (D); 2929.14(B)(2)(e) or (C)(4); 2929.20(I), or (2) the sentence is otherwise contrary to law. *State v. Hamrick*, 2024-Ohio-5101, ¶ 17 (8th Dist.).

## A. Reliance On Unsubstantiated Allegations During Sentencing

{¶ 5} In his first assignment of error, Xi argues that the trial court erred by considering unsubstantiated allegations, specifically, threats allegedly made by his wife to the victim's family. We disagree.

{¶ 6} Ohio law affords the sentencing court broad discretion to consider any information reasonably related to the purposes of felony sentencing, including victim-impact statements. *See* R.C. 2929.12(A); R.C. 2929.19(B)(1)(a). Before imposing the sentence, the trial court observed:

> "In addition to the incidents themselves, the ongoing threats to the victim and her family are a concern for the Court."

(Tr. 44.)

{¶ 7} The record does not reflect that the trial court made an evidentiary finding that Xi engaged in new or separate criminal conduct by way of threats or intimidation. Instead, the court acknowledged the victim's fear as a circumstance surrounding the offense and its ongoing emotional impact, which is a permissible consideration under R.C. 2929.12(B)(2). Thus, the trial court properly considered the long-term impact of Xi's conduct on the victim, including her ongoing fear for her and her family's safety in Guatemala.

{¶ 8} In imposing a sentence, "R.C. 2929.12 gives trial courts a variety of factors regarding the offender, the offense, and the victim to consider at sentencing." *State v. Logan*, 2025-Ohio-1772, ¶ 19. R.C. 2929.12(B) specifically provides factors

the court must consider in determining whether the offender's conduct is more serious than conduct normally constituting the offense. These factors include:

> (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
>
> (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
>
> (3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
>
> (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
>
> (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
>
> (6) The offender's relationship with the victim facilitated the offense.
>
> (7) The offender committed the offense for hire or as a part of an organized criminal activity.
>
> (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
>
> (9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

R.C. 2929.12(B)(1)-(9).

{¶ 9} Courts have consistently upheld the consideration of psychological trauma as a valid aggravating factor in evaluating the seriousness of an offender's

conduct under R.C. 2929.12(B)(2). *See State v. Rivera*, 2024-Ohio-4896, ¶ 80 (8th Dist.). In addition to ongoing psychological harm, the trial court found the serious harm exacerbated because the victim was only 15 years old, while Xi was 23 or 24 years old. (Tr. 44.) Furthermore, the trial court found Xi's relationship with the victim facilitated the offense. R.C. 2929.12(B)(6). (Tr. 43.)

{¶ 10} Here, the trial court considered the victim's statements along with statements Xi made at the sentencing hearing. He denied responsibility for the alleged threats and expressed remorse. In this case, the trial court did not assign blame to Xi for the alleged threats. Rather, the court acknowledged the lasting psychological effects resulting from the offense itself and fashioned a sentence consistent with the purposes of felony sentencing: to protect the public and to punish the offender. R.C. 2929.11(A).

{¶ 11} Accordingly, Xi's first assignment of error is overruled.

## B. Consecutive Sentencing

{¶ 12} Regarding his second assignment of error, Xi challenges the imposition of consecutive sentences, arguing that the court failed to make the findings required by R.C. 2929.14(C)(4).

{¶ 13} Pursuant to R.C. 2929.14(C)(4), a trial court may impose consecutive prison terms for multiple offenses only upon making the following findings:

> That consecutive service is necessary to protect the public from future crime or to punish the offender;

> That consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and that at least one of the following circumstances applies:

(a) The offender committed one or more of the offenses while awaiting trial or sentencing, while under a community control sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or while under post release control for a prior offense;

(b) At least two of the offenses were committed as part of a course of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term adequately reflects the seriousness of the offender's conduct; or

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 14} The trial court must make the findings required by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into the final sentencing entry. However, the court is not required to articulate the reasons for its findings, nor must it recite the statutory language verbatim. *State v. Bonnell,* 2014-Ohio-3177, ¶ 37. Rather, the record must contain a discernible basis from which a reviewing court can conclude that the trial court made the findings required by R.C. 2929.14(C)(4) prior to imposing consecutive sentences. *Id.*

{¶ 15} Here, the trial court made the requisite findings at the sentencing hearing and incorporated them into the record. The court expressly found that consecutive sentences were necessary to protect the public and to punish the offender and that such sentences were not disproportionate to the seriousness of Xi's conduct or the danger he posed.

{¶ 16} Moreover, these findings are supported by the record. The victim endured not only repeated instances of sexual battery over a prolonged period, but significant emotional and psychological trauma, including a pregnancy and her

continued fear for her family's well-being. Although Xi had no prior criminal record, the prolonged nature of the conduct and the gravity of its impact support the trial court's conclusion that consecutive sentences were warranted. These facts also fully support the trial court's finding, under R.C. 2929.14(C)(4)(b), that the offenses were committed as part of a course of conduct and caused harm so great or unusual that no single prison term would adequately reflect the seriousness of the offender's conduct.

{¶ 17} Additionally, the trial court's findings under R.C. 2929.14(C)(4)(b) were supported by the record. The offenses occurred over a prolonged period, involved repeated sexual conduct with a minor, and caused compounded psychological harm, and no single term of imprisonment could adequately reflect the seriousness of the conduct.

{¶ 18} As previously stated, under the standard set forth in R.C. 2953.08(G)(2), a reviewing court may not disturb a sentence unless it clearly and convincingly finds that the record does not support the trial court's findings or that the sentence is otherwise contrary to law. Because the trial court's statutorily mandated findings were stated and fully supported by the record, the imposition of consecutive sentences is neither contrary to law nor unsupported by the evidence.

{¶ 19} Therefore, Xi's second assignment of error is overruled.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

MICHAEL JOHN RYAN, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR